[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12076
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00022-WLS-TQL-1

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

VICTORIA L. METZ,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 29, 2014)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Victoria Metz, a former bank teller, was convicted of ten counts of embezzlement of government property, in violation of 18 U.S.C. § 641, and six counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. She appeals the identity theft convictions, arguing that the evidence was insufficient to support the jury's verdict. After careful review, we affirm.

We review de novo the sufficiency of the evidence to support a conviction.[1] United States v. Mendez, 528 F.3d 811, 814 (11th Cir. 2008) (per curiam). We will affirm a conviction if a reasonable jury could find that the evidence established guilt beyond a reasonable doubt, viewing the evidence and drawing all inferences in favor of the verdict. United States v. Calhoon, 97 F.3d 518, 523 (11th Cir. 1996). Given the procedural posture of this case, we consider in our review the evidence presented by the defense as well as the evidence put on during the government's case in chief. See United States v. Alejandro, 118 F.3d 1518, 1521 (11th Cir. 1997).

A person commits aggravated identity theft if she "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another

---

[1] This standard of review applies only where the defendant has properly preserved her challenge, by making a motion for judgment of acquittal during the trial or moving for acquittal or a new trial after the verdict is returned. United States v. Williams, 144 F.3d 1397, 1401 (11th Cir. 1998). If the defendant does not preserve her challenge, we will reverse only to prevent a manifest miscarriage of justice. United States v. Tagg, 572 F.3d 1320, 1323 (11th Cir. 2009). Because both Metz and the government urge the de novo standard of review upon us, and because it makes no difference to the outcome, we assume that Metz's challenge is properly preserved.

person" while committing certain enumerated felonies, including embezzlement of government property in violation of 18 U.S.C. § 641.  18 U.S.C. § 1028A(a)(1). Means of identification includes, among other things, name, social security number, and date of birth.  Id. § 1028(d)(7).

Metz's convictions arise out of her decision to cash several U.S. Treasury checks, allegedly on behalf of a friend she knew from church.  The checks, however, were not made out to her friend, and instead were made out to other people with sometimes distant addresses.  The names, birth dates, and social security numbers of the payees were written on the backs of the checks, information Metz admits she used to cash them.

On appeal, Metz argues that the evidence does not prove that she knowingly used the identifying information printed on the checks without lawful authority. She testified during trial, and argues on appeal, that she was merely misled by a friend claiming to be a tax preparer.  According to Metz, the friend explained that the checks were made out to his clients who had no bank accounts and no form of identification, and so could not get their tax refund checks cashed.  Metz testified that her friend always came to the bank with another person claiming to be the person whose identifying information appeared on the check, and that Metz honestly believed them when she used the identifying information.

While this story suggests a lack of knowledge, other evidence we must consider paints a quite different picture.  Although Metz claimed that her friend came into the bank with another person two or three times, and went through the drive-through window on many other occasions, the evidence showed that neither Metz nor any other bank employee were able to find video footage of the friend on the bank's surveillance tapes.  Because the surveillance videos covered both the inside of the bank and the drive-through windows, one would expect some evidence corroborating Metz's account if it were true.  There was also evidence that Metz knew she should not be using the identifying information in the way she did, because she lied to supervisors and other bank employees about the identifying information to get approval to cash many of the checks.  Finally, there was evidence that Metz received three cash payments from her friend totaling at least $2,500 in exchange for her help in cashing the checks.

Viewing this evidence and drawing all inferences in favor of the verdict, the jury could readily find that Metz knew she was using the identifying information printed on the checks without lawful authority.  Beyond that, the evidence supports the jury's apparent determination that Metz's denial of responsibility could not be believed, which the jury was entitled to consider as substantive evidence of guilt.  See United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009).  For these reasons, we affirm Metz's convictions for aggravated identity theft.

**AFFIRMED.**